<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE DOE (J.T.A.),<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>WYNDHAM HOTELS & RESORTS, INC., *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 25-00687 (SDW) (JSA)<br><br>**OPINION**<br><br>January 9, 2026 |

**WIGENTON**, District Judge.

　　　Before this Court is Defendant Quest Airport Hotel LLC's ("Franchisee Defendant" or "Quest") Motion to Dismiss (D.E. 20) Plaintiff Jane Doe (J.T.A.)'s ("Plaintiff") Complaint (D.E. 1 ("Compl.")) pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(2), (b)(3), and (b)(6). This opinion is issued without oral argument in accordance with Rule 78 and Local Civil Rule 78.1. For the reasons stated herein, Franchisee Defendant's Motion is **GRANTED IN PART and DENIED IN PART**. This Court transfers the instant matter to the United States District Court for the Middle District of Florida.[1]

　　**I.**　　**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

---

[1] Franchisee Defendant adopts and incorporates the arguments set forth in Franchisor Defendants, Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group, LLC, and Ramada Worldwide Inc.'s Motion to Dismiss (D.E. 9) pursuant to Rule 12(b)(6). In its Opinion dated September 24, 2025, this Court denied Franchisor Defendants' Motion to Dismiss. (D.E. 26.) As such, this Court declines to address the merits of the Motion to Dismiss.

Plaintiff alleges that from 2013 through 2015, she was trafficked at the Orlando Ramada Inn located at 7500 Augusta National Dr, Orlando, FL 32822 (the "Subject Ramada").  (Compl. ¶¶ 16, 26.)  Plaintiff alleges that Defendants, Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group, LLC, and Ramada Worldwide Inc. ("Franchisor Defendants"), along with Franchisee Defendant "owned, operated, controlled and/or managed" the Subject Ramada and facilitated Plaintiff's sexual exploitation.  (*Id.* ¶¶ 16–17; ¶ 7.)  Franchisor Defendants all have their principal place of business in Parsippany, New Jersey.  (*Id.* ¶ 21.)  Franchisee Defendant is a Florida limited liability company ("LLC") with its principal place of business in Florida.  (*Id.* ¶ 17.)  Plaintiff alleges that Franchisee Defendant owned the Subject Ramada during the years she was trafficked.  (*Id.*)

On January 23, 2025, Plaintiff initiated this lawsuit, alleging violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591 and 1595.  (D.E. 1.)  Plaintiff alleges she is "a victim of sex trafficking" under the TVPRA and seeks compensation for the harms stemming from the alleged TVPRA violations.  (Compl. ¶ 9.)  Count I alleges that Franchisee Defendant is liable as a perpetrator; Count II alleges that all Defendants are liable as beneficiaries and Count III asserts that Franchisor Defendants are vicariously liable for the acts of their franchisees and those franchisees' subagents.  (*Id.* at ¶¶ 125–138.)

On May 15, 2025, Franchisee Defendant moved to dismiss Plaintiff's Complaint under Rules 12(b)(2), 12(b)(3), and 12(b)(6), arguing that: (1) this Court lacks personal jurisdiction; (3) venue is not proper in the District of New Jersey; and (3) that Plaintiff has failed to state a claim against it.  (D.E. 15.)  The parties timely completed briefing.

## II.   LEGAL STANDARD[2]

When reviewing a motion to dismiss under Rule 12(b)(2), courts "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992). Once a jurisdictional defense is raised, the plaintiff bears the burden of demonstrating the facts necessary to establish personal jurisdiction and "must prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (alteration in original) (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)). If the court does not hold an evidentiary hearing, a plaintiff need only present "a *prima facie* case for the exercise of personal jurisdiction by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)).

Rule 12(b)(3) provides that a motion to dismiss may be made on the basis of improper venue. In the Third Circuit, the burden of demonstrating improper venue is placed on the defendant. *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724–25 (3d Cir. 1982). When a court concludes that venue is improper, it may dismiss the case or transfer it to another district pursuant to Section 1406(a). *Ferratex, Inc. v. U.S. Sewer & Drain, Inc.*, 121 F. Supp. 3d 432, 436 (D.N.J. 2015); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

---

[2] Because this Court does not reach the Rule 12(b)(6) arguments raised in Franchisee Defendant's Motion, the Rule 12(b)(6) standard is omitted.

### III. DISCUSSION

Franchisee Defendant contends that Plaintiff's Complaint against it should be dismissed for lack of personal jurisdiction and improper venue. (Mov. Br. at 10–22.) Franchisee Defendant argues there is neither general nor specific personal jurisdiction and that venue is improper because the events giving rise to Plaintiff's claims occurred outside of New Jersey. (*Id.*) This Court addresses each argument in turn.

### A. Personal Jurisdiction

Federal courts in New Jersey exercise personal jurisdiction to the extent permitted by New Jersey law. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). New Jersey's long-arm statute provides for the exercise of personal jurisdiction over non-residents "to the uttermost limits permitted by the United States Constitution." *Charles Gendler & Co. v. Telecom Equip. Corp.*, 508 A.2d 1127, 1131 (N.J. 1986) (quoting *Avdel Corp. v. Mecure*, 277 A.2d 207, 209 (N.J. 1971)). "Personal jurisdiction under the Due Process Clause depends upon 'the relationship among the defendant, the forum, and the litigation.'" *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Courts in New Jersey "look to federal law for the interpretation of the limits" on personal jurisdiction. *Id.* (citing *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 n.5 (3d Cir. 1990)).

#### i. General Jurisdiction

Under the Constitution, personal jurisdiction can be established either through general or specific jurisdiction. *Bristol-Myers Squibb v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017). General jurisdiction exists when a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S.

915, 919 (2011)). To support general jurisdiction, a defendant's "contacts [with the forum state] need not relate to the subject matter of the litigation," but must rise to "a 'very high threshold of business activity.'" *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 633 (D.N.J. 2004) (quoting *Compagnie des Bauxites de Guinea v. Ins. Co. of N. America*, 651 F.2d 877, 891 n.2 (3d Cir. 1981)).

Franchisee Defendant argues that Plaintiff's Complaint fails to establish it is "at home" in New Jersey, particularly where the Complaint asserts the Franchisee Defendant's state of registration, principal place of business, and registered agent are in Florida. (Mov. Br. at 12.) Corporations are generally deemed "at home" in their place of incorporation and principal place of business. *Daimler*, 571 U.S. at 137; *see Canal Ins. Co. v. Fema Trucking, LLC*, No. 20-17953, 2022 WL 3227188, at *4 (D.N.J. Aug. 20, 2022) ("[G]eneral jurisdiction over a limited liability company only tends to exist in its state of citizenship."). For purposes of general personal jurisdiction, Franchisee Defendant is deemed "at home" in Florida, not New Jersey. Thus, this Court lacks general jurisdiction over Franchisee Defendant.

    **ii.  Specific Jurisdiction**

Franchisee Defendant argues that entering into a franchise agreement with a New Jersey-based entity does not provide plausible grounds to confer this Court with jurisdiction. (Mov. Br. at 13.) Further, Franchisee Defendant emphasizes that "the alleged unlawful conduct that forms the foundation of Plaintiff's claims against [Franchise Defendant] occurred exclusively within the borders of Florida, not New Jersey." (*Id.* at 15.) Plaintiff counters that her Complaint adequately pleads specific jurisdiction over Franchisee LLC. (Opp. Brief at 6.)

Specific jurisdiction exists when a plaintiff's claim "arises from or relates to conduct purposely directed at the forum state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (citing

*Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414–15 & n.9 (1984)).  The specific jurisdiction inquiry has three steps and is conducted on a claim-by-claim basis.  *Id.*  First, a defendant must have "purposefully directed his activities" at the forum.  *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).  Second, the plaintiff's claim must "'arise out of or relate to' at least one of those specific activities."  *Id.* (citing *Helicopteros*, 466 U.S. at 414).  Third, courts consider whether the exercise of jurisdiction otherwise comports with "fair play and substantial justice."  *Burger King*, 471 U.S. at 476.  As applied to this case, Plaintiff must show that Franchisee Defendant purposefully availed itself of the privilege of conducting activities in New Jersey and that her claims arise out of Franchisee Defendant's contacts with New Jersey.  *See Hasson v. FullStory, Inc.*, 114 F.4th 181, 193 (3d Cir. 2024).

Here, Franchisee Defendant purposefully availed itself of this forum by entering a franchising relationship with Franchisor Defendants.  *See Burger King*, 471 U.S. at 480–82 (holding that a restaurant franchisee in Michigan purposefully availed himself of the forum state of Florida by "negotiat[ing] with a Florida corporation for the purchase of a long-term franchise").  However, Plaintiff's Complaint fails to establish that her TVPRA violation claim proceeding under a beneficiary theory of liability as to Franchisee Defendant arises out of or relates to Franchisee Defendant's activities in this forum.  Prong two requires "a *strong* 'relationship among the defendant, the forum, and the litigation.'"  *Hepp v. Facebook*, 14 F.4th 204, 208 (3d Cir. 2021) (emphasis added) (quoting *Helicopteros*, 466 U.S. at 414).  In assessing the strength of the relatedness of Plaintiff's claims to this forum, *Bristol-Myers* is particularly instructive.

In *Bristol-Myers*, a group of plaintiffs consisting of both California and non-California residents filed suit in California alleging that the defendant Bristol-Myers Squibb Company's ("BMS") drug, Plavix, "had damaged their health."  *Bristol-Myers*, 582 U.S. at 259.  BMS,

although incorporated in Delaware and headquartered in New York, also engaged in business activities in California—maintaining five research and laboratory facilities and employing around one-hundred-sixty employees. *Id.* at 258–59. Despite such business activities, the Supreme Court found California courts lacked specific jurisdiction over the non-California residents' claims because "a connection between the forum and the specific claims at issue" was missing. *Id.* at 265. The Court noted that the nonresidents were not prescribed, did not purchase, did not ingest, and were not injured by Plavix in California. *Id.* at 264.

Here, Plaintiff relies on the fact that the franchise agreement between the parties was governed by New Jersey law and that said agreement's requirements as to making reservations, processing payments, collecting and reviewing feedback, and creating and reviewing property-management, guest, and revenue data meant Franchisee Defendant was continuously interacting with Franchisor Defendants, essentially amounting to a "venture" under the TVPRA. (Opp. Br. at 8–10.) As an example, Plaintiff notes that Franchisee used New Jersey-based systems to process payments and the day-to-day operations at the Subject Ramada occurred under detailed policies and directives created and enforced by Wyndham from New Jersey (*Id.*)

As in *Bristol-Myers*, where the non-California residents did not purchase and were not injured by Plavix in California, this Court similarly finds that the connection between the conduct underlying Plaintiff's claim and this forum is too attenuated to find specific personal jurisdiction. Although Franchisee Defendant may have used Franchisor Defendants' systems in carrying out certain actions, the conduct "at the core of the alleged ventures," namely, "the rental of rooms to sex traffickers," occurred in Florida. Plaintiff's reliance on Franchisee Defendant's routine interactions with Franchisor Defendants by virtue of their ongoing business relationship also does not constitute a strong connection to Plaintiff's venture claim. Jurisdiction must be established on

the basis of *each* defendant's own contact with a given forum. *See Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.").

Accordingly, Plaintiff's Complaint fails to establish that her claim arises out of or is related to Franchisee Defendant's activities in New Jersey. Thus, this Court concludes Plaintiff has not made a *prima facie* case of personal jurisdiction as it relates to Franchisee Defendant.

### B. Appropriate Remedy

Having concluded that this Court lacks personal jurisdiction over Franchisee Defendant, the next question is the appropriate disposition of the case. "[A] district court that lacks personal jurisdiction must at least consider a transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). When a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Section 1404(a) permits a court to *sua sponte* transfer a civil action from one proper venue to another proper venue. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Conversely, Section 1406 applies when the original venue is improper. *Id.* at 878.

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in

> which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, Franchisee Defendant argues that venue is improper because Franchisee Defendant is not domiciled in New Jersey and is not subject to this Court's personal jurisdiction. (Mov. Br. at 22.) Further, Franchisee Defendant notes that a substantial part of the events giving rise to Plaintiff's claims occurred in Florida, not New Jersey. (*Id.*) Plaintiff counters that venue is proper because this Court has specific jurisdiction over Franchisee Defendant. However, as previously mentioned, this Court lacks personal jurisdiction over Franchisee Defendant, thus venue is not proper pursuant to 28 U.S.C. § 1391(b)(3). This Court also finds that venue is not proper pursuant to 28 U.S.C. § 1391(b)(1) or (2) because Franchisee Defendant is not a resident of New Jersey and a substantial part of Plaintiff's sex trafficking claims occurred in Florida, not New Jersey.

Given that venue is improper in the District of New Jersey, this Court will proceed pursuant to Section 1406. *Jumara*, 55 F.3d at 878. Section 1406(a) reads: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Section 1406(a) is intended to preserve claims that might otherwise be barred by the rigid application of dismissal rules. *Lafferty v. St. Riel*, 495 F.3d 72, 79 (3d Cir. 2007) (citation omitted). "Transfer is generally more in the interest of justice than dismissal." *Binks v. U.S. Tech Solutions*, No. 20-02969, 2020 WL 6701470, at *3 (D.N.J. Nov. 12, 2020) (citations omitted); *see also Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 162 n.11 (3d Cir. 2012) (citation omitted) ("Transfer in lieu of dismissal is generally appropriate to avoid penalizing plaintiffs by 'time-consuming and justice-defeating technicalities.'").

This Court finds that interests of justice favor transferring this matter to Florida. Franchisee Defendant is a Florida LLC with its principal place of business in Florida as well. (Compl. ¶ 17.)

The vast majority of facts underlying this case occurred in Florida.  Presumably, witnesses—such as hotel staff—and evidence are also in Florida.  Additionally, considering judicial economy and the TVPRA's purposes of combatting trafficking, ensuring "just and effective punishment of traffickers," and victim protection, this Court deems the transfer of this case to the United States District Court for the Middle District of Florida proper.  H.R. Conf. Rep. No. 106-939, at 3 (2000); *see Doe v. Choice Hotels Int'l, Inc.*, No. 24-1598, 2025 WL 2108792, at *12 (D. Md. July 28, 2025) ("[T[he [c]ourt finds that its lack of personal jurisdiction over [franchisee] GP4, a key party in this litigation, strongly counsels in favor of transferring this case to the Middle District of Florida, a proper venue where, as acknowledged at the hearing by Defendants, personal jurisdiction would exist over both GP4 and [franchisor] Choice."); *Doe v. Choice Hotels Int'l, Inc.*, No. 24-2836, 2025 WL 2430024, at *6–7 (D. Md. Aug. 22, 2025) (affording minimal weight to the plaintiff's choice of venue where the alleged trafficking occurred in Wisconsin, the same state as Plaintiff's domicile, and transferring the case to Wisconsin).

## **CONCLUSION**

For the reasons stated above, Defendant Quest Airport Hotel LLC's Motion to Dismiss is **GRANTED IN PART and DENIED IN PART** in that this Court finds it lacks personal jurisdiction over Quest but will transfer the claims against it to the United States District Court for the Middle District of Florida.[3]  This Court also transfers the case against the Franchisor Defendants to the Middle District of Florida.  This Court does not address the merits of Defendants' Motions to Dismiss under Rule 12(b)(6).  An appropriate order follows.

/s/ Susan D. Wigenton  
**SUSAN D. WIGENTON, U.S.D.J.**

---

[3] This Court declines to address the parties' arguments concerning jurisdictional discovery in light of its finding that transferring the case is the appropriate remedy.

Orig: Clerk
cc: Jessica S. Allen, U.S.M.J.
Parties